Taylor C. Foss (SBN 253486)
Email: tfoss@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Attorneys for Plaintiff,
HEATHER KOEPP

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HEATHER KOEPP, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NATHAN MALOLEY, an individual, p/k/a "SK8" and "SK8 MALOLEY"; BRUU AGENCY, a business entity of unknown form; JOSH BRUSILOVSKY, an individual, a/k/a "JOSH BRU"; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br>**(1) COPYRIGHT INFRINGEMENT (17 U.S.C. § 501); AND**<br>**(2) REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION (17 U.S.C. § 1202(b))**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Heather Koepp ("Plaintiff" or "Koepp"), by and through her attorneys, complains and alleges against Defendants Nathan Maloley, professionally known as "Sk8" or "Sk8 Maloley" ("Maloley"), BRUU Agency ("BRUU"), Josh Brusilovsky, also known as "Josh Bru" ("Brusilovsky"), and DOES 1-10, inclusive (collectively, "Defendants"), as follows:

## NATURE OF THE ACTION

1. This is an action for willful copyright infringement. Plaintiff is a professional photographer. Defendant Maloley is a recording artist who performs as "Sk8." Plaintiff photographed Maloley for an editorial feature in Rival Magazine LA. She owns the copyrights in those photographs, which were duly registered with the U.S. Copyright Office.

2. In September 2023, Plaintiff learned that Maloley intended to use one of her photographs as the cover art for his forthcoming album. She wrote to his representatives, advising them that no commercial use had been authorized, and offering a license instead for $1,000. Defendant Maloley declined to pay. Maloley offered instead to post two Instagram stories, stated that he was "moving forward with the release," and represented that he had "several others cover photos to pick from if that's the case."

3. Maloley and Defendants used Plaintiff's photograph anyway. Maloley released the album "Boi Meets World" on or about September 29, 2023, bearing cover art derived from Plaintiff's copyrighted photograph (the "Cover Photograph") and has continued to reproduce, distribute, and publicly display that artwork ever since through the album's release on streaming and download services, in promotional materials, and across his social media accounts.

4. Plaintiff expressly withdrew consent for Maloley to use the photograph. On October 2, 2023 she wrote to Maloley's representative: "[i]t's beyond negotiations at this point. I don't give consent for the image to be used. It is a registered copyrighted work and this is considered theft." Again, Defendants did not

remove the artwork. Plaintiff's counsel then sent written demands on August 9, 2024 and July 24, 2025. Again, Defendants did not respond, and the infringing artwork remains in commercial distribution as of the filing of this Complaint.

5. Defendants also reproduced and publicly displayed other of Plaintiff's copyrighted photographs, without license, in single artwork and in promotional flyers for his live performances, as set forth below.

6. Plaintiff seeks statutory damages, or in the alternative her actual damages and Defendants' profits, together with injunctive relief, costs, and attorneys' fees.

## JURISDICTION AND VENUE

7. This action arises under the Copyright Act, 17 U.S.C. § 101 et seq. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Defendants. Plaintiff is informed and believes, and on that basis alleges, that Maloley resides in this judicial district, that Brusilovsky resides in this judicial district, and that BRUU maintained its principal place of business in this judicial district. Each Defendant purposefully directed the conduct at issue at California and specifically at this judicial district: the photographs at issue were created in Southern California in connection with a Los Angeles publication; the communications and negotiations concerning the Cover Photograph were conducted with Plaintiff, a California resident, by representatives located in Los Angeles County; the decision to proceed with the infringing use was made and communicated from this judicial district; Maloley performed in this judicial district and promoted that performance using a photograph at issue; and the infringing works have been reproduced, distributed, and publicly displayed in this judicial district. Further, the injury to Plaintiff occurred in California.

9. Venue is proper in this judicial district under 28 U.S.C. § 1400(a) because Defendants or their agents reside or may be found in this judicial district. Venue is independently proper under 28 U.S.C. § 1391(b)(2) because a substantial

part of the events giving rise to Plaintiff's claims occurred in this judicial district, including the parties' communications concerning the licensing of the Cover Photograph, Defendants' decision to proceed with the infringing use, and the promotion of a live performance in Los Angeles County using a photograph at issue.

## THE PARTIES

10. Plaintiff Heather Koepp is an individual residing in Riverside County, California. She is a professional photographer whose work has appeared in editorial and commercial publications, and who regularly photographs live music and editorial portraiture in Southern California.

11. Plaintiff is informed and believes, and on that basis alleges, that Defendant Maloley is an individual residing in this district. Maloley records and performs professionally under the name "Sk8" and, at times, "Sk8 Maloley." Maloley relocated from Omaha, Nebraska to Los Angeles, California, and has resided and worked in the Los Angeles area at all times relevant to this action. His talent representatives throughout the relevant period maintained their places of business in Los Angeles County.

12. Defendant BRUU Agency is a business entity of a form presently unknown to Plaintiff. Plaintiff is informed and believes, and on that basis alleges, that BRUU maintained its principal place of business in Los Angeles County, California, and that at all relevant times BRUU acted as Maloley's talent representative and manager. Plaintiff will amend this Complaint to allege BRUU's true form and capacity when ascertained.

13. Plaintiff is informed and believes, and on that basis alleges, that Defendant Brusilovsky, also known as Josh Bru, is an individual residing in Los Angeles County, California, and is a principal of BRUU. At all relevant times Brusilovsky acted as Maloley's agent and manager, and acted both individually and on behalf of BRUU.

14. The true names and capacities of the defendants identified herein as DOES 1-10, inclusive, are unknown to Plaintiff, who therefore sues them by fictitious names. Plaintiff is informed and believes that each such Defendant is responsible in some manner for the conduct alleged. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

15. Plaintiff is informed and believes that at all relevant times, each Defendant acted as the agent, servant, employee, partner, or joint venturer of each other Defendant, and in doing the acts alleged acted within the course and scope of that relationship and with the knowledge, permission, consent, or ratification of the other Defendants.

## FACTUAL ALLEGATIONS

### A. Plaintiff and the Koepp Photographs.

16. Plaintiff is a professional photographer. She earns her living by licensing her photographs and providing photographic services, and she derives revenue from licensing images for commercial uses including album artwork, promotional materials, and advertising.

17. On or about April 26, 2022, Plaintiff created a series of original photographs of Maloley (collectively, the "Koepp Photographs") in connection with an editorial feature subsequently published in Rival Magazine LA, Issue 13 (June 2022). Plaintiff conceived, directed, lit, composed, shot, selected, and edited the Koepp Photographs. She personally incurred the costs of producing the photo shoot.

18. The Koepp Photographs are original works of authorship fixed in a tangible medium of expression and are copyrightable subject matter under 17 U.S.C. § 102(a)(5).

19. Plaintiff is the sole author of the Koepp Photographs. The Koepp Photographs were not prepared as works made for hire. Plaintiff has at all times been, and remains, the owner of all right, title, and interest in and to the copyrights in the Koepp Photographs, including all exclusive rights under 17 U.S.C. § 106.

20. None of the Defendants commissioned, paid for, or contracted with Plaintiff to create the Koepp Photographs, and at no time acquired any ownership interest in them or any license to use them for commercial purposes.

**B. Registration**

21. On September 26, 2023, Plaintiff applied to register the Koepp Photographs with the United States Copyright Office. Two registrations issued, each with an effective date of registration of September 26, 2023.

22. U.S. Copyright Registration No. VA 2-383-510 is a copyright registration for a group of published photographs issued pursuant to 37 C.F.R. § 202.4(i), titled “Photographs of Artists ‘Sk8’ for Rival Magazine,” covering a total of 95 photographs that were first published on April 29, 2022. It identifies Plaintiff as the sole author and sole copyright claimant and states the work was not made for hire. A true and correct copy of this registration certificate is attached hereto as Exhibit A.

23. U.S. Copyright Registration No. TX 9-324-857 covers the work titled “SK8,” first published June 3, 2022 in Rival Magazine issue No. 13. It identifies Plaintiff as the sole author and sole copyright claimant and states that the work was not made for hire. A true and correct copy of this registration certificate is attached hereto as Exhibit B.

24. Each photograph included within Registration No. VA 2-383-510 is a separate and independent work of authorship. That registration is not a registration of a compilation; the copyrightable subject matter registered is the individual photographs themselves.

25. Registration No. TX 9-324-857 registers the collective work in which the photographs designated sk8-012 and sk8-072 were published. Plaintiff authored and owned each component photograph appearing in that collective work at the time of registration. That registration therefore extends to those component photographs.

26. True and correct copies of the photographs at issue in this action (the "Infringed Photographs") are attached hereto as Exhibit C. Plaintiff maintains her photographs in two sets corresponding to her two registrations, each with its own numbering. The photographs identified as SK8-17, SK8-38, SK8-43, SK8-54 and SK8-57 are among the 95 photographs registered under Registration No. VA 2-383-510. The photographs designated sk8-012 and sk8-072 are among the photographs registered under Registration No. TX 9-324-857.

27. As set forth below, Plaintiff is entitled to statutory damages and attorneys' fees under 17 U.S.C. §§ 504(c) and 505 as to each Infringed Photograph where infringement commenced after September 26, 2023, and her actual damages and Defendants' profits under 17 U.S.C. § 504(b) as to all the Infringed Photographs.

**C. The Album Cover: Notice, Negotiation, and Refusal**

28. Plaintiff never granted Maloley, BRUU, Brusilovsky, or any other Defendant a license—express or implied, exclusive or nonexclusive—to reproduce, distribute, publicly display, or prepare derivative works from the Infringed Photographs for any commercial purpose, including album artwork, single artwork, merchandise, advertising, or the promotion of live performances.

29. On or about September 7, 2023, Plaintiff discovered a post on Maloley's Instagram account promoting a forthcoming album using sk8-012, one of the Koepp Photographs, as the cover artwork. Plaintiff did not authorize such use.

30. On September 9, 2023, Plaintiff wrote to Brusilovsky at BRUU. She advised him that the images "are owned exclusively by the photographer" and that "we have not authorized the commercial use of any of those images." She offered to license sk8-012 for use on the album cover for a total of $1,000, and offered to send an invoice and a written agreement "outlining the details of the limited commercial release," or, alternatively, invited Defendants to "go in another direction for the cover before it's[sic] release date."

31. Brusilovsky responded the same day on behalf of Maloley and BRUU. He declined to pay the $1,000 license fee, stating that Defendants were "working on a thin budget" and had no "budget space to cover this expense." He offered instead: "2 Instagram story posts on Sk8's Instagram highlighting your work," stating, "[w]e are moving forward with the release and have several others[sic] cover photos to pick from if that's the case!"

32. On September 12, 2023, Plaintiff declined the offer of social media credit in lieu of payment, explaining that she had "incurred all of the fees associated with the production and execution of this photoshoot." She asked Defendants to identify a budget, stating "[o]therwise, I'll have to ask that the image be removed."

33. Between September 13 and September 16, 2023, Brusilovsky asked Plaintiff to schedule a telephone call, and then moved the conversation from email to text message.

34. On or about September 15, 2023, after Plaintiff had asked that the infringing image be removed from the cover art, Maloley published the infringing cover artwork on his verified X (Twitter) account, announcing a September 29, 2023 release and directing the public to a pre-save link. That post reproduced and publicly displayed Plaintiff's copyrighted sk8-012 image.

35. On September 20, 2023, Plaintiff and Brusilovsky spoke by telephone for approximately twelve minutes and twenty-one seconds.

36. On that call, Plaintiff asked what Defendants were offering. Brusilovsky answered that Defendants had "no offer" and would not compensate Plaintiff, stating that Maloley was no longer signed to Atlantic Records and was funding the album independently. Brusilovsky asked Plaintiff to do Defendants "the favor of gifting them the image." He again offered two Instagram stories, and stated that he would be willing to review Plaintiff's portfolio and potentially hire her for future photo shoots.

37. Plaintiff declined, stating that she does not work without compensation, but that she would consider any offer Defendants made before the announced release date.

38. Brusilovsky then stated that Defendants had several other album cover options available as a backup and that Defendants would move forward with an alternative cover. The call ended with Plaintiff and Brusilovsky in agreement that the infringing image would be taken down and replaced with one of Defendants' alternative cover images.

39. Defendants did not take the image down. On or about September 25, 2023—five days after the previous call—Maloley published another Instagram post promoting the album, again using the cover art featuring Plaintiff's copyrighted sk8-012 image, in direct contravention of the agreement Brusilovsky had made.

40. On September 26, 2023, Plaintiff issued Invoice No. 151 to Defendants in the amount of $1,000.00 for an Image License for the "Boi Meets World" album cover. The invoice stated: "I see that Sk8 chose to move forward with my image for his album 'Boi Meets World'. As previously discussed the rate for usage is $1000. Please submit payment as soon as possible." A true and correct copy of this invoice is attached hereto as Exhibit D. Defendants never paid the invoice.

41. On or about September 28, 2023, Maloley published a further promotional post using the cover art featuring Plaintiff's copyrighted sk8-012 image. Brusilovsky and Plaintiff exchanged text messages the same day.

42. On September 29, 2023, the day after Plaintiff withdrew consent in writing, Maloley commercially released the "Boi Meets World" album, with the cover artwork still featuring Plaintiff's copyrighted image. The album was and continues to be distributed to the public through digital music services including Spotify, Apple Music, and other streaming and download platforms, in each instance accompanied by the infringing cover artwork.

43. The cover artwork consists of the sk8-012 image (Maloley's photographed figure, in the wardrobe, pose, and lighting created and directed by Plaintiff), extracted from Plaintiff's original background and composited onto a new background, with typography added. The artwork reproduces the protected expression of sk8-012 and is a derivative work prepared from it within the meaning of 17 U.S.C. § 101.

44. On September 28, 2023—the day before the album's release—Plaintiff sent Brusilovsky a text message asking how Maloley intended to settle the invoice. Brusilovsky replied offering "a 150.00 fee for the photograph," asserting that Maloley "looked thru[sic] his Email and there were no prior agreements signed by him binding exclusive rights to this content w/ any mention of terms," and that "all prior communications were had with Atlantic records which . . . no longer represent Sk8."

45. That same afternoon (twelve minutes later, and approximately twenty-four hours before the album was released), Plaintiff replied: "It's beyond negotiations at this point. I don't give consent for the image to be used. It is a registered copyrighted work and this is considered theft."

46. Defendants proceeded with the release the following day notwithstanding that express written withdrawal of consent.

47. Between Plaintiff's September 9, 2023 notice and the album's release, Maloley repeatedly published the infringing artwork. On September 15, 2023, Maloley published the infringing artwork on his verified X account, announcing the album's September 29 release date and soliciting pre-saves. On September 25, 2023, Maloley published the infringing artwork on his verified Instagram account. On September 28, 2023—after the effective date of Plaintiff's registrations, and after Plaintiff had withdrawn consent in writing that same afternoon—Maloley again published the infringing artwork on his verified X account, announcing that the album was "OUT NOW."

48. Defendants did not remove the infringing artwork. On information and belief, the infringing cover artwork remains commercially distributed and publicly displayed as of the date of this Complaint.

49. On or about February 19, 2024, Maloley published a promotional flyer on his verified Instagram account for an event identified as "Amp'D Up," presented by Lost on Sunset, at the Rainbow Bar and Grill, 9015 Sunset Boulevard, West Hollywood, California, taking place on February 25, 2024. That flyer again incorporated Plaintiff's copyrighted sk8-012 image.

**D. The Whiskey A-Go-Go Flyer and Other Infringing Uses**

50. On or about December 6, 2023, after the effective date of Plaintiff's registrations, Maloley published promotional material on his verified X account for a performance at the Whisky A-Go-Go in Los Angeles, California scheduled for January 21, 2024. That promotional material reproduced and publicly displayed Plaintiff's copyrighted SK8-38 image, a photograph Maloley had not previously used. On or before January 2, 2024, Maloley also published the same promotional material on his verified Instagram account. Plaintiff did not license either use.

51. Maloley reproduced, distributed, publicly displayed, and prepared derivative works from additional Koepp Photographs without license, including:

a. "SK8-54," in a promotional flyer published on or before October 1, 2022 for a performance at Catch One in Los Angeles, California on October 14, 2022;

b. "SK8-54," in a promotional flyer published on or about November 25, 2022 for a performance at Freehold Wynwood in Miami, Florida on November 30, 2022;

c. "SK8-54," in artwork for the single "Lover Boi," published on or before October 1, 2022, consisting of an illustration derived from and substantially similar to that photograph and constituting an unauthorized derivative work;

d. "SK8-54," in promotional material for the song "What It's Like," published on or before October 1, 2022;

e. "sk8-072," as the cover artwork for the single "Crazy," promoted on Maloley's verified X account on or about March 2, 2023 and distributed through digital music services;

f. "SK8-57," in promotional material for an event identified as "Hawaiian Fest" at The Omar, 4383 Nicholas Street, Omaha, Nebraska, published on or about July 28, 2022, and republished on or about August 4, 2022;

g. "SK8-43," in promotional material for a performance at The Peppermint Club, 8713 Beverly Boulevard, Los Angeles, California;

h. "SK8-17," in promotional material published on or about August 10, 2023 for an event identified as "Sounds After Sunset" at The Club, 8205 North Dale Mabry Highway, Tampa, Florida on August 13, 2023; and

i. "sk8-012," as the profile image on Maloley's Spotify artist page.

52. True and correct screencaptures of the infringing uses identified above are attached hereto as Exhibit E.

53. In each instance, Maloley removed, cropped, altered, or obscured Plaintiff's authorship credit, and disseminated the Infringed Photographs without attribution to Plaintiff.

**E. Copyright Management Information**

54. Each of the Koepp Photographs, as created, catalogued, and distributed by Plaintiff, contains copyright management information within the meaning of 17 U.S.C. § 1202(c), embedded in three separate industry-standard metadata formats.

55. In the EXIF metadata of each file, the "Artist" field contains "HEATHER_KOEPP" and the "Copyright" field contains "KOEPP." In the IPTC metadata of each file, the By-line field (2:80) contains "HEATHER_KOEPP" and the Copyright Notice field (2:116) contains "KOEPP." In the XMP metadata of each

file, the dc:creator property contains "HEATHER_KOEPP" and the dc:rights property contains "KOEPP."

56. This copyright management information identifies Plaintiff as the author of the Infringed Photographs and as the owner of the copyrights in them, and constitutes both "the name of . . . the author of a work" under 17 U.S.C. § 1202(c)(2), and information "set forth in a notice of copyright" under 17 U.S.C. § 1202(c)(3).

57. Plaintiff embeds this information uniformly. It appears in every file from both registered sets, across multiple locations and wardrobe setups photographed over the course of the April 26, 2022 session, without exception.

58. Plaintiff's full-resolution files bearing this copyright management information were generated on May 20, 2022 — approximately three weeks after the photographs were taken, and before any of the infringing uses alleged herein. The copyright management information described above was therefore embedded in Plaintiff's photographs at all times material to this action, and was present in the files as they existed when Defendants obtained and used them.

59. The infringing works identified above are not unaltered copies of the Infringed Photographs. Each is a newly composed graphic file. The Boi Meets World cover artwork was produced by extracting Maloley's photographed figure from Plaintiff's original background, compositing that figure onto a different background, and adding typography. The promotional flyers and single artwork were produced by comparable acts of graphic composition, in each case incorporating one of Plaintiff's copyrighted photographs into a newly generated file bearing added text and design elements.

60. Plaintiff is informed and believes, and on that basis alleges, that in the course of creating those composite works, Defendants, or persons acting at their direction, removed the copyright management information described above from the copies of Infringed Photographs that they used.

61. The Boi Meets World cover artwork, as publicly distributed, contains no copyright management information of any kind. Plaintiff has examined a copy of that artwork as distributed to the public through digital music services. It contains no EXIF metadata, no IPTC metadata, no XMP metadata, and no embedded color or authorship profile. Every field identifying Plaintiff as the author and owner of the underlying photograph has been eliminated.

62. The elimination of that information occurred when the composite artwork was created, before any digital music service received it. Copyright management information embedded in a source photograph is not carried forward when the photographed subject is extracted from that photograph and placed into a newly generated file; the resulting file bears only such information as its creator supplies. Defendants supplied none.

63. Defendants knew that the Infringed Photographs were Plaintiff's, knew that Plaintiff had not authorized their use, and were told in writing that Plaintiff required either payment or removal. Defendants themselves proposed crediting Plaintiff on social media in lieu of payment, and so understood that attribution to Plaintiff was material. Defendants nonetheless distributed composite works stripped of any indication that Plaintiff authored or owned the underlying photographs.

**F. Defendants' Intent, Knowledge, and Willfulness**

64. Defendants intended that Plaintiff's copyrighted photographs be used without a license. They were told in writing, before any infringing use of the sk8-012 image on the released album, that the photograph belonged to Plaintiff, that no commercial use had been authorized, and that a license was available for $1,000. They refused to pay it, and then directed that the release proceed using that very photograph.

65. BRUU and Brusilovsky did not furnish Maloley with any general-purpose product or service. They supplied nothing capable of substantial or commercially significant non-infringing use. Their conduct was directed at one

thing: securing and effectuating the unlicensed commercial use of Plaintiff's photographs on the album Boi Meets World and in its promotion.

66. Defendants actively encouraged and brought about the infringement through specific acts. They solicited and negotiated the use of sk8-012 on Maloley's behalf; they rejected Plaintiff's license terms; they proposed social media credit in lieu of payment; they asked Plaintiff to give her work away; they represented in writing that Defendants were "moving forward with the release;" they retained Plaintiff's photograph as the album cover notwithstanding their acknowledgment that they had "several others cover photos to pick from;" and they approved, authorized, and participated in the release and promotion of the album bearing the infringing artwork.

67. Defendants' conduct following the September 20, 2023 telephone call is particularly probative of willfulness. Brusilovsky expressly agreed on that call that the infringing image would be removed and replaced with an alternative cover that Defendants already had on hand. Defendants nevertheless continued to publish the infringing artwork on September 25 and September 28, 2023, released the album bearing that artwork on September 29, 2023, and have continued to distribute it since. Defendants therefore infringed not merely with knowledge, but in breach of their own express representation that they would stop.

68. Brusilovsky's statements that Defendants had "several others cover photos to pick from" and that Defendants "would move forward with an alternative cover" establish that a non-infringing alternative was available and known to Defendants, and that Defendants chose the infringing course deliberately rather than through inadvertence or necessity.

69. On September 28, 2023, the day before the release, Plaintiff expressly and unequivocally withdrew any consent in writing. Defendants released the album the next day regardless, and have continued to reproduce, distribute, and publicly display the infringing artwork since.

70. Plaintiff's counsel sent written demands to cease and desist use of the Infringed Photographs on August 9, 2024 and July 24, 2025, each time identifying Plaintiff's registration and the specific infringing uses. Defendants did not respond to either demand, and did not cease their infringing conduct.

71. Plaintiff is informed and believes, and based thereon alleges, that each Defendant's infringement was and remains willful within the meaning of 17 U.S.C. § 504(c)(2).

**G. Timeliness**

72. This action is timely under 17 U.S.C. § 507(b). Each act of reproduction, distribution, public display, and preparation of a derivative work alleged herein constitutes a separate and independently actionable infringement, and each such act occurring within three years of the filing of this Complaint is timely without regard to any earlier act.

73. Defendants' reproduction, distribution, and public display of the infringing works is ongoing as of the filing of this Complaint.

**FIRST CLAIM FOR RELIEF**

**Copyright Infringement**

**(17 U.S.C. § 501)**

**(By Plaintiff Against All Defendants)**

74. Plaintiff realleges and incorporates by reference each preceding paragraph as though fully set forth herein.

75. Plaintiff is the rightsholder to the copyrights in the Infringed Photographs, which substantially consist of wholly original material that constitute copyrightable subject matter under the laws of the United States. Plaintiff has complied in all respects with the Copyright Act and all laws of the United States governing copyrights. The Infringed Photographs have been timely registered with the United States Copyright Office. *See* Exhibits A-B.

76. Defendants directly, vicariously, and/or contributorily infringed, and unless enjoined, will continue to infringe Plaintiff's copyrights by reproducing, displaying, distributing, and utilizing the Infringed Photographs for purposes of trade without authorization of or payment to Plaintiff in violation of 17 U.S.C. § 501 et seq. Defendants exercise control over which images and posts are displayed and curated on Maloley's social media accounts (e.g., X/Twitter and Instagram, among other platforms) and what images are sourced/used for Maloley's album covers. Such curation proximately caused infringing material to be distributed and published on Twitter and subsequently viewed by users on Twitter.

77. Defendants infringed, and unless enjoined, will continue to infringe Plaintiff's copyrights by knowingly reproducing, displaying, distributing, and utilizing the Infringed Photographs for purposes of trade—specifically including, but not limited to, creating derivative cover artwork for Maloley's music album, and resulting sales therefrom, as well as promoting Maloley's album and live performances.

78. Plaintiff is informed and believes and based thereon alleges that Defendants' acts of infringement are willful because, *inter alia*:

a. Defendants are music industry professionals and thus have full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation.

b. Defendants had actual notice that Plaintiff owned the Infringed Photographs, including the Cover Photograph, that no commercial license had been granted, and that continued use required Plaintiff's authorization and payment.

c. Defendants expressly rejected Plaintiff's licensing terms, refused to pay the requested license fee, and elected to proceed with the planned commercial release of the Boi Meets World album with the cover artwork derived from the Cover Photograph.

d. Defendants repeatedly sought permission to use the Infringed Photographs ***without*** compensation, including by requesting that Plaintiff provide the work as a "gift" and by offering promotional consideration in lieu of a license fee.

e. Plaintiff expressly withdrew any consent to use Plaintiff's photographs prior to the album's release, informing Defendants repeatedly that any further use was unauthorized, yet Defendants nevertheless released the album and continued exploiting Plaintiff's copyrighted photographs thereafter.

f. Defendants continued reproducing, displaying, distributing, and commercially exploiting Plaintiff's photographs even after receiving multiple written notices identifying Plaintiff's copyright interests and demanding that the infringing conduct cease.

g. Defendants knew that the Infringed Photographs were Plaintiff's, knew that Plaintiff had not authorized their use, and were told in writing that Plaintiff required either payment or removal. Defendants themselves proposed crediting Plaintiff on social media in lieu of payment, and so understood that attribution to Plaintiff was material. Defendants nonetheless distributed the Infringed Photographs stripped of any indication that Plaintiff authored or owned the underlying photographs.

79. Defendants, particularly BRUU and Brusilovsky, have received substantial benefits in connection with the unauthorized reproduction, distribution, and utilization of the Photos for purposes of trade, including by increasing the traffic to Maloley's social media accounts, websites, and other things, as well as the use of their services.

80. Brusilovsky's written statement that Defendants had "several others cover photos to pick from" is an acknowledgment that Defendants had the practical ability to substitute a non-infringing image for the Boi Meets World album cover artwork, and thereby to stop the infringement before it occurred. Defendants

declined to exercise that right and ability, notwithstanding Plaintiff's pre-release notice that the use was unlicensed.

81. Defendants derived a direct financial benefit from the infringement. Plaintiff is informed and believes that Defendants BRUU and Brusilovsky's compensation is calculated based on and/or derived from Maloley's revenues, including revenues from the Boi Meets World album sales and from live performances promoted using the Infringed Photographs, and that the infringing artwork served as the public identity of the album and drew audiences to Maloley's music and performances.

82. Further, Defendants avoided paying the $1,000 license fee Plaintiff had offered, and thereby obtained the commercial value of Plaintiff's work at no cost. Defendants' unauthorized use of Plaintiff's copyrighted images were and are continuing to be performed without Plaintiff's permission, license, or consent.

83. Defendants' wrongful acts have caused, and are causing, great injury to Plaintiff, of which damages cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Plaintiff will suffer irreparable injury, for all of which she is without an adequate remedy at law. Accordingly, Plaintiff seeks a declaration that Defendants are infringing Plaintiff's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Plaintiff's copyrights.

84. Further, as a result of Defendants' wrongful acts alleged herein, Plaintiff has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

85. Because of the willful nature of Defendants' copyright infringement, Plaintiff is entitled to an award of statutory damages of up to $150,000 per copyrighted work. Alternatively, at its discretion, Plaintiff is entitled to actual damages in an amount to be proven at trial for the infringement of all works at issue.

86. Plaintiff is further entitled to her full costs of suit and reasonable attorneys' fees under 17 U.S.C. § 505.

**SECOND CAUSE OF ACTION**

**Removal of Copyright Management Information**

**(17 U.S.C. § 1202(b))**

**(By Plaintiff Against All Defendants)**

87. Plaintiff realleges and incorporates by reference each preceding paragraph as though fully set forth herein.

88. The original Koepp Photographs contained copyright management information within the meaning of 17 U.S.C. § 1202(c), as alleged above.

89. Without Plaintiff's authority or consent, Defendants intentionally removed or altered the copyright management information on the digital copies of the Infringed Photographs, in direct violation of 17 U.S.C. § 1202(b)(1).

90. Defendants distributed and publicly displayed the Infringed Images, and works derived from them, knowing that the copyright management information had been removed or altered without Plaintiff's knowledge or consent, and without authorization by Plaintiff, in violation of 17 U.S.C. § 1202(b)(3).

91. Defendants did so knowing, or having reasonable grounds to know, that the removal and distribution would induce, enable, facilitate, or conceal the infringement of Plaintiff's copyrighted images. Defendants were on written notice before the Boi Meets World album's release that the Infringed Photographs belonged to Plaintiff and that no commercial use was authorized. Having refused to pay for a license and without crediting Plaintiff, Defendants disseminated composite works from which every trace of Plaintiff's authorship had been eliminated, such that, to the public, the images appeared to have originated with Defendants.

92. As a direct and proximate result of Defendants' removal of Plaintiff's copyright management information, Defendants' infringement of Plaintiff's images was concealed from Plaintiff, the public, and the venues, promoters, and digital

services through which the infringing works were distributed, each of which would otherwise identified Plaintiff as the author and owner of the images. Plaintiff has thus suffered injury and is entitled to damages in an amount to be proven at trial.

93. Pursuant to 17 U.S.C. § 1203(c)(3)(B), Plaintiff is entitled to statutory damages as to this cause of action of not less than $2,500 and not more than $25,000 for each violation, or in the alternative to her actual damages and Defendants' profits under 17 U.S.C. § 1203(c)(2), together with costs and reasonable attorneys' fees under 17 U.S.C. § 1203(b)(4) and (b)(5), and injunctive relief under 17 U.S.C. § 1203(b)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. That Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with them, be permanently enjoined from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, Internet websites, or any other media, either now known or hereafter devised, bearing any design or mark which infringe, contributorily infringe, or vicariously infringe upon Plaintiff's rights in the photographs at issue;

2. That Defendants be held liable to Plaintiff for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) and (c);

3. For actual damages for copyright infringement pursuant to 17 U.S.C. § 504(a)(1) and (b);

4. For statutory damages under 17 U.S.C. § 1203(c)(3)(B) of not less than $2,500 and not more than $25,000 for each violation of 17 U.S.C. § 1202(b);

5. That an accounting be made for all profits, income, receipts, or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. § 504(a)(1) and (b);

6. Requiring Defendants to account for and pay over to Plaintiff all profits derived by Defendants from their acts of copyright infringement and to reimburse Plaintiff for all damages suffered by Plaintiff by reasons of Defendants' acts, pursuant to 17 U.S.C. § 504(a)(1) and (b);

7. For an order under 17 U.S.C. § 503 requiring the impoundment and destruction or other reasonable disposition of all infringing copies and all means by which such copies may be reproduced;

8. For Plaintiff's full costs of suit and reasonable attorneys' fees under 17 U.S.C. §§ 505 and 1203(b)(4)-(5);

9. For prejudgment and post-judgment interest as allowed by law; and

10. For such other and further relief as the Court deems just and proper.

Dated: September 23, 2026

**ONE LLP**

By: /s/ Taylor C. Foss
Taylor C. Foss
Attorneys for Plaintiff,
Heather Koepp

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury as to all claims and all issues properly triable thereby.

Dated: September 23, 2026

**ONE LLP**

By: /s/ Taylor C. Foss
Taylor C. Foss
Attorneys for Plaintiff,
Heather Koepp